H. W. DUBISKE AND COMPANY, Appellant, v. AMERICAN SURETY COMPANY OF NEW YORK, Respondent.

Fourth Department, May 4, 1927.

Insurance — fidelity insurance — defendant issued policy to pay loss sustained " by any act or acts of larceny or embezzlement " of one of plaintiff's employees — plaintiff's evidence was sufficient to justify submission of case to jury on question whether plaintiff's losses were caused by " acts of larceny or embezzlement " — under circumstances employee's intent was subject for consideration of jury — error to grant nonsuit — policy contained provision that employee should be made defendant — evidence presented question of fact as to whether " with reasonable diligence " employee could have been found within jurisdiction.

This is an action to recover on a policy of fidelity insurance issued by the defendant to the plaintiff, covering an employee of the plaintiff who was engaged as

general manager of its Syracuse branch. The policy protected the plaintiff against any loss " by any act or acts of larceny or embezzlement " on the part of the employee. The contention by the defendant is that the shortage found in the employee's accounts was not the result of larceny or embezzlement on the part of the employee. It was error for the court to grant a nonsuit at the close of the plaintiff's case on the ground that there was failure to prove a felonious intent, since the plaintiff's evidence shows that the employee was required to remit to the main office at the close of each day the moneys received that day; that he received into his possession the moneys in question, did not remit the same as required by his employers, admitted the shortage and expressly refused to make payment, intimating that the shortgage was due to the acts of fellow-employees, and finally failed to make payment when the fact of his personal receipt and possession of the moneys was brought to his attention. Whether or not there was a felonious intent on the part of the employee in appropriating the money was a question for the jury.

The policy or bond provided that in any suit or action thereon the delinquent employee should be made a party to the action, if with reasonable diligence he could be found within the jurisdiction. The employee was not made a party to this action. Assuming that a breach of this clause would be a valid defense, the evidence presented a question of fact as to whether or not the employee could, " with reasonable diligence," have been found within the jurisdiction at the time the action was begun.

APPEAL by the plaintiff, H. W. Dubiske and Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Onondaga on the 26th day of May, 1924, upon the dismissal of the complaint upon the merits at the close of the plaintiff's case.

*Ralph Shulman,* for the appellant.

*R. B. Marvin,* for the respondent.

SEARS, J. Plaintiff, a foreign corporation, was engaged in the business of selling stocks, bonds and other investment securities. It had a branch office in the city of Syracuse. On the 1st day of November, 1920, Reverdy L. Hurd was in the plaintiff's employ as general manager of the Syracuse branch. He had been acting as such manager for a short time previously and continued in this position for some months. On the day mentioned the defendant executed and delivered to the plaintiff for a valuable consideration a bond binding itself to pay to the plaintiff such pecuniary loss, not exceeding $10,000, as the plaintiff might sustain " by any act or acts of larceny or embezzlement " on the part of Hurd during the period beginning on the 22d day of October, 1920, and ending upon the date of the discovery by the plaintiff either of loss thereunder or of dishonesty on the part of the employee, or on the date of the termination of Hurd's employment or upon notice to be given by either party to the other in the manner specified in the bond.

It was the duty of Hurd under his contract of employment with

the plaintiff to receive all moneys paid by customers at the plaintiff's Syracuse branch and to transmit such moneys to the Chicago office of the plaintiff at the close of each day without deductions. The office expenses and salaries were otherwise provided for.

The proof shows the receipt by Hurd shortly before and after the 1st day of November, 1920, of certain moneys from customers which he did not pay over to the Chicago office in accordance with the terms of his employment and which the plaintiff has never received. This action was brought to recover the amount of these losses.

At the close of the plaintiff's evidence the trial court granted a nonsuit on the ground that there was a failure to prove the felonious intent necessary to establish larceny or embezzlement of the moneys as those terms are used in the bond. Judgment dismissing the complaint upon the merits was entered.

The proof shows that the customers' moneys which were not remitted were received by Hurd himself. Oral evidence to this effect is in the record. Receipts signed by him personally were produced. In fact the defendant's counsel admitted the receipt by Hurd of the customers' payments. The failure to pay over the moneys to the Chicago office was also established. In January, 1921, Hurd wrote a letter to the plaintiff in which he stated that he had had an audit made of his books and that they showed a shortage which he set forth in some detail, listing a large part of the very items which it was shown at the trial had been received by Hurd himself. The letter contained these expressions: " I am thoroughly satisfied that all of these clients have paid money to the office, and I am quite satisfied that there are no others that have not been accounted for.  *  *  *  As the bonds of the office help and of the secretary run straight to Dubiske & Company and as there are many legal problems here involved, I have turned the entire matter over to Mr. Frank W. Cregg of No. 610 City Bank Building, with whom the matter can be taken up from a legal standpoint and such steps taken as are necessary in the premises. I would say, however, that I have this day stated to Mr. Cregg all of the facts in connection with the matter and he has advised me not to pay any more of this shortage and has further advised me that any action concerning the bonds should be first taken up by Dubiske & Company. You may rest assured that I shall and will at all times do all in my power to give you all the assistance possible in order that justice may be obtained and the matter properly disposed of as soon as possible."

. Still later during the month of March, 1921, an agent of the

plaintiff talked over the matter of shortages with Hurd; told him that he had seen Hurd's own receipts for the moneys and said that he considered the evidence sufficient to take it up with the bonding company and asked Hurd to make payment. Still the money was not forthcoming.

These circumstances were sufficient to require the submission to the jury of the question as to whether plaintiff's losses were not caused by an act or acts of larceny or embezzlement on the part of Hurd. (*People* v. *Meadows*, 199 N. Y. 1; *People* v. *Birnbaum*, 114 App. Div. 480; *Matthews & Co.* v. *Employers' Liability Assur. Corp., Ltd.*, 127 id. 195; affd., 195 N. Y. 593.) We have before us proof of these facts — his possession of the moneys, his departure from the employer's requirement of remittance, his admission of the shortage with express refusal of further payment, accompanied by sentences suggesting that the moneys which were shown to have been in his possession had nevertheless been appropriated by others, and his final failure to make payment when the fact of his personal possession of the moneys was brought to his attention. His intent was a subject for the consideration of the jury.

The bond also contained this clause: " In any suit, action or proceeding the employee shall, if with reasonable diligence he can be found within the jurisdiction, be made a party to the suit and served with process therein." Hurd was not made a party to this suit. Assuming, without deciding, that a breach of this clause would be a valid defense to the action, the evidence presented a question of fact as to whether with reasonable diligence at the time the action was begun, Hurd could have been found within the jurisdiction.

The judgment appealed from should be reversed on the law and a new trial granted, with costs to the appellant to abide the event

All concur. Present — HUBBS, P. J., CLARK, SEARS, TAYLOR and SAWYER, JJ.

Judgment reversed on the law and new trial granted, with costs to appellant to abide event.